**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2006[*]
Decided May 30, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3889

| | |
|---|---|
| RICKY A. HANKINS,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>TRACY J. DICE, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division<br><br>No. 1:03-cv-1694-DFH-WTL<br><br>David F. Hamilton,<br>*Judge.* |

**O R D E R**

Ricky Hankins brought suit under 42 U.S.C. § 1983 alleging that officers of the Rushville Police Department violated his rights under the Fourth and Fourteenth Amendments by unlawfully entering and searching his home and arresting him, and by using excessive force in doing so. He also claimed false arrest

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

under Indiana state law. The district court granted summary judgment for the defendants because the entry and arrest were effected pursuant to a valid body attachment issued by the Rush County Circuit Court, the officers did not use excessive force, and the record contained no evidence that the officers searched Hankins' home.

On appeal Hankins does not identify any error made by the district court, nor does he develop an argument with citations to legal authority or the record. *See* Fed. R. App. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). His brief recites merely his version of the events on the evening in question. In any event, the district court correctly concluded that the state court's issuance of a valid body attachment entitled the police to enter Hankins' residence to arrest him. *See Payton v. New York*, 445 U.S. 573, 602–03 (1980); *Russell v. Harms*, 397 F.3d 458, 466 (7th Cir. 2005). Only in his reply brief does Hankins introduce the undeveloped assertion that the body attachment was illegal because it had not been filed at the time of execution, but arguments raised for the first time in a reply brief are waived. *United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006).

Accordingly this appeal is DISMISSED.